**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICOLE M. GIANNINI, individually and on behalf of a class of similarly situated persons, | Case No. 1:20-cv-05131 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| UNITED COLLECTION BUREAU, INC., | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

NOW COMES, Plaintiff NICOLE M. GIANNINI, by and through here counsel, James C. Vlahakis, and asserts a putative class action against Defendant UNITED COLLECTION BUREAU, INC.

**I. Parties, Jurisdiction and Venue**

1.     Plaintiff, NICOLE M. GIANNINI ("Plaintiff") is a citizen of the State of Illinois and resides in this judicial District.

2.     Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

3.     Defendant UNITED COLLECTION BUREAU, INC. ("UCB") is an Ohio based corporation.

4.     UCB maintains a collection agency license issued by the State of Illinois.

5.     UCB's registered agent is Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703

6.     UCB is a debt collector as defined by Section 1692a(6) of the FDCPA.

7.     UCB routinely uses the United States Postal Service for the collection of consumer debts and its principal purpose is the purchase of and collection of consumer

1

debts.

8.     UCB routinely collects defaulted consumer debts owed to LVNV Funding LLC ("LVNV").

9.     As part of UCB's business relationship with LVNV, UCB is aware that LVNV purchases defaulted consumer debts from original creditors.

10.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

11.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this District and UCB routinely mails collection letters and envelopes to addresses within this District for the purpose of collecting consumer debts.

12.     Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because UCB, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

13.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because UCB is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II.     Summary of the Subject Debt at Issue**

14.     Plaintiff obtained credit (the "Subject Debt") from Citibank, N.A. ("Citibank") where the account number associated with the Subject Debt ended with the following numbers – 3962.

15.     Plaintiff incurred the Subject Debt for personal and household expenses.

16.     Plaintiff was unable to pay off the Subject Debt after suffering from certain economic and personal factors.

17.   UCB mailed letter to Plaintiff dated March 16, 2020, where UCB informed Plaintiff that "[t]his [letter] is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose."

18.   A true and accurate image of the front page of the March 16, 2020 letter is depicted below:



19.     The March 16, 2020, UCB informed Plaintiff that "[t]he above referenced *account* has been placed with our office for collection." (Emphasis supplied).

20.     The March 16, 2020 collection letter referred to LVNV as the "Current Creditor", referred to Citibank as the "Original Creditor".

21.     The March 16, 2020 collection letter listed the last four digits of the "Original Creditor Account Number" as 3962.

22.     The last two sentences of the March 16, 2020 collection letter contained the following statement:

> Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

23.     Based upon the contents of the March 16, 2020 letter, it appears that LVNV acquired the Subject Debt from Citibank.

24.     The March 16, 2020 collection letter did not indicate whether LVNV had purchased the debt from Citibank.

25.     If LVNV had purchased the Subject Debt from Citibank prior to the issuance of the March 16, 2020 collection letter, LVNV paid less than 10% of the amount of the Subject Debt.

### III. Summary of the Purpose of the FDCPA

26.     The introduction section of the FDCPA contains "Congressional findings" and a "declaration of purpose". 15 U.S.C. § 1692. In particular, § 1692 states as follows:

**(a) Abusive practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b) Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**(d) Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

**(e) Purposes**

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

27.     One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

28.     In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

29.     Congress determined that "[e]xisting laws ... are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

30.     Accordingly, the FDCPA generally focuses on a debt collector's conduct without regard for the validity of the alleged debt because "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

31.     The FDCPA protects ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

32.     To encourage consumers to bring FDCPA actions and compensate their attorneys, Congress authorized an award of statutory damages for violations of the Act. 15 U.S.C. § 1692k(a).

33.     The above mentioned purposes behind the enactment of the FDCPA demonstrate why Congress created the provision of statutory damages for violations of the Act. 15 U.S.C. § 1692k(a).

**IV.     Defendant's Collection Efforts Relative to the Subject Debt**

34.     The March 16, 2020 letter listed an "Account Balance" of $7186.06 and stated that "[t]he above account has been placed with our office for collection."

35.     The March 16, 2020 letter did not explain to Plaintiff whether or how LVNV acquired any rights to the Subject Debt.

36.     The front page of March 16, 2020 letter contained a designation of the so-called "Original Creditor Address" and listed this address as 5800 South Corporate Place Sioux Falls, SD.

37.     To the best of Plaintiff's recollection, the March 16, 2020 letter was the first letter she received from Defendant.

38.     March 16, 2020 letter did not include LVNV's address.

39.     March 16, 2020 letter stated that:

> The above referenced account has been placed with our office for collection. We are authorized to offer you a settlement in the amount of $6,108.15. We are not obligated to renew this offer.

40.     The March 16, 2020 letter listed the statutory rights and disclosures that debt collectors like Defendant are required to provide to consumers in their first written communication with a consumer. See 15 U.S.C. § 1692g(a).

6

41.     The proposed discounted settlement offer was issued during the thirty (30) day statutory debt dispute and validation deadlines.

42.     As set forth below, the March 16, 2020 letter violated Sections 1692e, e(2), e(10) and f of the FDCPA where the letter included a discounted settlement payment followed by the phrase, "[w]e are not obligated to renew this offer".

43.     In a form letter dated April 16, 2020, Defendant communicated new and further discounted settlement proposals to Plaintiff.

44.     Defendant's form letter dated April 16, 2020 began by stating "[t]he above referenced account has been placed with our officer for collection in full." The next sentence reads in relevant part, "in the event you meet the terms of one of the three below offers, United Collection Bureau, Inc. will accept a settlement for less the amount owed on behalf your creditor."

45.     By using the word "your creditor", as opposed to "Current Creditor" or "LVNV Funding LLC", Defendant's form letter dated April 16, 2020 was misleading, confusing and deceptive relative to what authority Defendant had or was acting upon.

46.     Defendant's April 16, 2020 letter promoted a discounted "Single Payment Offer" of $5,030.24 with a payment due date of April 28, 2020.

47.     Defendant's April 16, 2020 letter promoted a "Multiple Payments Offer over Six Months" in the amount of $5,389.55, with the first payment due by April 28, 2020.

48.     Defendant's April 16, 2020 letter promoted a "Multiple Payments Offer over Twelve Months" in the amount of $5,748.85, with the first payment due by April 28, 2020.

49.     Each of the settlement offers in Defendant's April 16, 2020 letter contained the phrase "[w]e are not obligated to new this offer."

50.     As set forth below, the April 16, 2020 letter violated Sections 1692e, e(2), e(10) and f of the FDCPA where the letter included the phrase "[w]e are not obligated to renew this offer".

51.     The phrase "[w]e are not obligated to renew any offers provided" *has a tendency to misinform* least and unsophisticated consumers with regard to the urgency of accepting one of the proposed settlement offers. *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772, 778 (7th Cir. 2020).

52.     As the Honorable Ilana Rovner explained in her concurring opinion in *Preston v. Midland Credit Management, Inc.*, "I have doubts that this language actually accommodates the competing goals that the *Evory* court identified." *Preston*, 948 F.3d at 778.

53.     Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" improperly "emphasizes and amplifies the creditor's message that it is a time-limited offer." *Preston*, 948 F.3d at 778.

54.     Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" "is no different from the creditors' language of 'limited time offer' or a 'time sensitive matter,' or 'act now,' and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever." *Preston*, 948 F.3d at 778.

55.     As explained in *Evory v. RJM Aquisitions Funding LLC,* 505 F.3d 769 (7th Cir 2007), "[t]he concern" with discounted payment offers being promoted by collection letters "is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount." 505 F.3d at 775.

56.     Judge Rovner proposed alternative language

    I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors the

goals that the opinion sought. Adding the following two words to the language, undoubtedly would do so more accurately: "We *may, but are not obligated to,* renew this offer."

\*\*\*

[S]hould [this issue] emerge in a future case, I urge the court to reexamine whether this safe-harbor language achieves the intended balance between the interests of creditors and debtors.

*Id.*

57.     Defendant also included a "PRIVACY NOTICE" with its March 16, 2020 collection.

58.     A true and accurate image of the Privacy Notice is depicted below:



59.     The PRIVACY NOTICE included the following phrase, "[t]his Privacy Notice is being provided on behalf of each of the following related companies ("collectively the

'Resurgent Companies').

60.　The PRIVACY NOTICE "describes the general policy of the Resurgent Companies regarding the information of customers and former customers."

61.　To the best of Plaintiff's recollection, Plaintiff is neither a customer nor former customer of any of the so-called Resurgent Companies.

62.　The PRIVACY NOTICE contained within the March 16, 2020 letter violated Sections 1692e, e(2), e(10) and f of the FDCPA because there was no good or valid reason for Defendant to have included the PRIVACY NOTICE other than to cause the Privacy Notice to intimidate and confuse Plaintiff relative to her alleged, but non-existent "customer" relationship with the Resurgent Companies.

63.　The broad and expansive nature of PRIVACY NOTICE, which is more detailed than Defendant's recitation of Plaintiff's statutory rights afforded by Section 1692g(a), only served to confuse Plaintiff as to her legal rights and purported relationship with the so-called Resurgent Companies.

64.　Further, the PRIVACY NOTICE contained within the March 16, 2020 letter violated Sections 1692e, e(2), e(10) and f of the FDCPA to the extent that the words used by Defendant were intimidating in nature.

65.　There was no need for Defendant to promote it so-called PRIVACY NOTICE other than to improperly suggest to Plaintiff that her personal information had been shared (or was going to be shared) by and amount the Resurgent Companies, affiliates and third-parties.

66.　Plaintiff was confused, intimidated and mislead by the offers provided by Defendant, as well as Defendant's use of the phrase and its inclusion of the PRIVACY NOTICE. As a result of the confusion and intimidation caused by Defendant's collection

letters, Plaintiff sought out legal counsel and contacted the undersigned's law firm to learn her legal rights and to avoid being misled or deceived by Defendant's form letters.

67. On information and belief, consumers may have paid their debts as a result of the above highlighted language contained within Defendant's form letters.

**V.     Article III Standing is Satisfied**

68. As a result of the enactment of the FDCPA, consumers like Plaintiff have legally enforceable right to receive all communications from a debt collector free from any false, misleading or unfair statements.

69. The FDCPA creates substantive rights for consumers, and for this reason, Plaintiff has standing to assert the below claims and obtain statutory damages. *See, e.g., Qualls v. T-H Prof'l& Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing *Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes ... do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."). *See also, Mogg v. Jacobs*, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill.

11

Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)).

70.     "[T]he receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" *Richardson v. Diversified Consultants*, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) (internal citations omitted). *See also*, *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications").

71.     The above described misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties. *See, e.g.*, *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016).

72.     When Plaintiff received the March 16, 2020 collection letter she did not know whether LVNV had purchased or otherwise acquired the Subject Debt from Citibank.

73.     Plaintiff was frightened and confused when she received the March 16,

12

2020 collection letter because she was unable to pay the promoted discounted payment option and the letter's detailed Privacy Notice confused her as to whether Defendant and LVNV intended to renew the settlement offer or have it constitute a one-time offer.

74.     Plaintiff' confusion was increased by the fact that the phrase "[w]e are authorized" did not explain which entity was authorized to make the settlement offer.

75.     Plaintiff suffered real and concrete harm because Defendant communicated with her in a manner prohibited by the FDCPA.

**VI. Class Action Related Claims**

76.     Defendant's use of the above described form collection letters satisfies the elements of typicality, commonality, predominance and superiority.

77.     The Subject Collection Letters satisfy the numerosity element of FRCP 23(a)(1) because Defendant has mailed out well over 40 identically formatted letters to consumers in this district within the past year.

78.     The Subject Collection Letters satisfy the elements of FRCP 23(a)(2) and 23(a)(3) because the illegality of Defendant's conduct is question of fact and law that is typical and common to Plaintiff and the proposed class members.

79.     Plaintiff satisfies FRCP 23(a)(4) because she will fairly and adequately protect the interests of the proposed class members.

80.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

81.     Plaintiff's lead attorney (James C. Vlahakis) is an experienced consumer class action litigator. For example, on May 15, 2018, Mr. Vlahakis was appointed to the Steering Committee in a nationwide class action against Apple, Inc. *See, In Re: Apple Inc. Device Performance Litigation*, 18-md-02827 (N.D. Cal. May 15, 2018) (Dkt. Entry no. 99). After extended litigation, the parties proposed a $310 to $500 million dollar

settlement to the court which received preliminary on May 15, 2020) (Dkts. 415-16, 420, 429).

82.     Before becoming a consumer rights attorney, for nearly twenty years Mr. Vlahakis worked as a defense attorney in a Chicago headquartered law firm.

83.     As defense attorney, Mr. Vlahakis specialized in defending debt collectors in class action litigation. As a former defense attorney, Plaintiff's counsel understands the types of defenses that creditors and debt collectors typically raise in TCPA class actions.

84.     For example, in his former role as a defense attorney, Mr. Vlahakis *defeated* a motion to certify a TCPA based class action in *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013), reconsideration denied, 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. July 29, 2013). In *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012), Mr. Vlahakis caused a previously certified TCPA class action to be decertified after proving that the class representative had a unique defense that ran against commonality and typicality.

85.     Further, Mr. Vlahakis was lead plaintiff's counsel in *Preston v. Midland Credit Management, Inc.*, 948 F.3d 776 (7th Cir. 2020) where the Seventh Circuit reversed in part the district court's order granting MCM's 12(b)(6) motion to dismiss.

86.     Plaintiff can satisfy FRCP 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

87.     Plaintiff can also satisfy FRCP 23(b)(2) because Defendant has acted on grounds that apply to the class so that final injunctive and/or declaratory relief sought below is appropriate relief respecting the proposed class as a whole.

88.     The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

89.     The proposed class can be defined by Defendant's records.

**VII. Causes of Action**

**Count I**
**Individual Claim for Violations of Sections 1692e of the FDCPA**

90.     Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

91.     Section 1692e of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

92.     Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e to the extent that Defendant's form letters created a false sense of urgency to Plaintiff.

93.     Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e because it constituted a "false representation or deceptive means to collect" the Subject Debt to the extent the phrase emphasized and amplified that the settlement offers were non-renewable and/or time-limited offers.

94.     Alternatively, Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e because it constituted a "false representation or deceptive means to collect" the Subject Debt to the extent Defendant intended to renew the offers but included this phrase to falsely and deceptively suggest that Defendant would not renew the settlement offers.

95.     As set forth above, the Privacy Notice included with the March 16, 2020 collection letter violates Section 1692e of the FDCPA.

96.     For example, the Privacy Notice contained within the March 16, 2020 letter

violated Section 1692e because the Privacy Notice misrepresented the "character" and/or "legal status" of the Subject Debt by implying that Plaintiff was a current or former customer of one or more of the Resurgent Companies.

97.    Privacy Notice contained within the March 16, 2020 letter violated Section 1692e because the Privacy Notice constituted a false, deceptive, or misleading representation to the extent Plaintiff was neither a current or former customer of any of the Resurgent Companies.

98.    Plaintiff has articulated a cognizable injury sufficient to invoke Article III standing and is entitled to statutory damages and attorney's fees.

WHEREFORE, Plaintiff NICOLE M. GIANNINI respectfully requests that this Honorable Court:

a.    declare that Defendant's form collection letter violates Section 1692e of the FDCPA;

b.    award Plaintiff statutory damages of up to $1,000; and

c.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claims for Violations of Section 1692e of the FDCPA**

99.    Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

100.    Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e because it constituted a "false representation or deceptive means to collect" the Subject Debt to the extent the phrase emphasized and amplified that the settlement offers were non-renewable and/or time-limited offers.

101.    Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e to the extent that Defendant's form collection letters created a false sense of urgency toward Plaintiff and similarly situated consumers.

16

102. Alternatively, Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e because it constituted a "false representation or deceptive means to collect" the Subject Debt to the extent Defendant intended to renew the offers but included this phrase to falsely and deceptively suggest that Defendant would not renew the settlement offers.

103. Defendant's March 16, 2020 collection letter violated Section 1692e to the extent that the March 16, 2020 letter created a false, deceptive and misleading sense of urgency toward Plaintiff and similarly situated consumers.

104. As set forth above, the Privacy Notice included with the March 16, 2020 collection letter violates Section 1692e of the FDCPA.

105. For example, the Privacy Notice contained within the March 16, 2020 letter violated Section 1692e because the Privacy Notice constituted a "false representation or deceptive means to collect" the Subject Debt by implying that Plaintiff was a current or former customer of one or more of the Resurgent Companies.

106. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter by Defendant similar to the March 16, 2020 and April 20, 2020 letters, where the original creditor was listed as Citibank, N.A.

WHEREFORE, Plaintiff NICOLE M. GIANNINI respectfully requests that this Honorable Court:

    a. declare that Defendant's form collection letter violated Section 1692e of the FDCPA;

    b. award class members maximum statutory damages;

    c. award class members actual damages if they paid their debts after receiving the subject form collection letter; and

      d.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III**
**Individual Claim for Violations of Sections 1692e(2)(A) of the FDCPA**

107.    Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

108.    Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a "false representation of — (A) the character, amount, or legal status of any debt".

109.    Defendant's collection letters constitutes a "false representation" or the character and/or amount of the subject debt.

110.    Defendant's collection letters violated Section 1692e(2) to the extent that they created a false sense of urgency to Plaintiff.

111.    Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e(2) because the phrase constituted a false representation of the "character" or "legal status" of the Subject Debt to the extent that the phrase emphasized and amplified that the settlement offers non-renewable and/or time-limited offers, when this was not the case.

112.    Alternatively, Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e(2) because the phrase constituted a false representation of the "character" or "legal status" of the Subject Debt to the extent that Defendant intended to renew the offers, but included this phrase to falsely and deceptively suggest that Defendant would not renew the settlement offers.

113.    Defendant's form collection letters constitute a "false representation" or the character and/or amount of the subject debt to the extent that the form letters created a false sense of urgency toward Plaintiff and similarly situated consumers.

114.    As set forth above, the Privacy Notice included with the March 16, 2020 collection letter violates Section 1692f of the FDCPA.

115.    For example, the Privacy Notice contained within the March 16, 2020 letter violated Section 1692e(2) because the Privacy Notice misrepresented the "character" and/or "legal status" of  the Subject Debt by implying that Plaintiff was a current or former customer of one or more of the Resurgent Companies.

WHEREFORE, Plaintiff NICOLE M. GIANNINI respectfully requests that this Honorable Court:

    a.   declare that Defendant's form collection letter violates Section 1692e(2)(A) of the FDCPA;

    b.   award Plaintiff statutory damages of up to $1,000; and

    c.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Action Claims for Violations of §1692e(2)(A) of the FDCPA**

116.    Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

117.    Defendant's form collection letters constitute a "false representation" or the character and/or amount of the subject debt.

118.    Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e(2) because the phrase constituted a false representation of the "character" or "legal status" of the Subject Debt to the extent that the phrase emphasized and amplified that the settlement offers non-renewable and/or time-limited offers, when this was not the case.

119.    Alternatively, Defendant's of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e(2) because the phrase constituted a false representation of the "character" or "legal status" of the Subject Debt to the extent that

Defendant intended to renew the offers, but included this phrase to falsely and deceptively suggest that Defendant would not renew the settlement offers.

120.   Defendant's form collection letters violated Section 1692e(2) to the extent that the letters created a false sense of urgency toward Plaintiff and similarly situated consumers.

121.   As set forth above, the Privacy Notice included with the March 16, 2020 collection letter violates Section 1692e(2) of the FDCPA.

122.   For example, the Privacy Notice contained within the March 16, 2020 letter violated Section 1692e(2) because the Privacy Notice constituted a "false representation or deceptive means to collect" the Subject Debt by implying that Plaintiff was a current or former customer of one or more of the Resurgent Companies.

123.   Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter by Defendant similar to the March 16, 2020 and April 20, 2020 letters, where the original creditor was listed as Citibank, N.A.

WHEREFORE, Plaintiff NICOLE M. GIANNINI respectfully requests that this Honorable Court:

a.   declare that Defendant's form collection letter violated Section 1692e(2)(A) of the FDCPA;

b.   award class members maximum statutory damages;

c.   award class members actual damages if they paid their debts after receiving the subject form collection letter; and

d.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V**
**Individual Claim for Violations of Sections 1692e(10) of the FDCPA**

124. Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

125. Section 1692e(10) of the FDCPA prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt".

126. Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e(10) because the phrase constituted a "false representation or deceptive means to collect" the Subject Debt to the extent that the phrase emphasized and amplified that the settlement offers were non-renewable and/or time-limited offers, when this was not the case.

127. Alternatively, Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e(10) because the phrase constituted a "false representation or deceptive means to collect" the Subject Debt to the extent that Defendant intended to renew the offers, but included this phrase to falsely and deceptively suggest that Defendant would not renew the settlement offers.

128. Defendant's form collection letters violated Section 1692e(10) to the extent that the letters created a false sense of urgency to Plaintiff.

129. As set forth above, the Privacy Notice included with the March 16, 2020 collection letter violates Section 1692e(10) of the FDCPA.

130. For example, the Privacy Notice contained within the March 16, 2020 letter violated Section 1692e(10) because the Privacy Notice constituted a "false representation or deceptive means to collect" the Subject Debt by implying that Plaintiff was a current or former customer of one or more of the Resurgent Companies.

WHEREFORE, Plaintiff NICOLE M. GIANNINI respectfully requests that this Honorable Court:

    a.  declare that the March 16, 2020 collection letter violates Section 1692e(10) of the FDCPA;

    b.  award Plaintiff statutory damages of up to $1,000; and

    c.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VI – Class Action Claims for Violations of Section 1692e(10) of the FDCPA**

131.   Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

132.   Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e(10) because the phrase constituted a "false representation or deceptive means to collect" the Subject Debt to the extent that the phrase emphasized and amplified that the settlement offers were non-renewable and/or time-limited offers, when this was not the case.

133.   Alternatively, Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692e(10) because the phrase constituted a "false representation or deceptive means to collect" the Subject Debt to the extent that Defendant intended to renew the offers, but included this phrase to falsely and deceptively suggest that Defendant would not renew the settlement offers.

134.   Defendant's form collection letters violated Section 1692e(10) to the extent that the letters created a false sense of urgency to Plaintiff and the proposed class members.

135.   As set forth above, the Privacy Notice included with the March 16, 2020 collection letter violates Section 1692e(10) of the FDCPA.

136.   For example, the Privacy Notice contained within the March 16, 2020 letter violated Section 1692e(10) because the Privacy Notice constituted a "false representation or deceptive means to collect" the Subject Debt by implying that Plaintiff was a current

or former customer of one or more of the Resurgent Companies.

137. Plaintiff will fairly and adequately represent the proposed class members

who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter by Defendant similar to the March 16, 2020 and April 20, 2020 letters, where the original creditor was listed as Citibank, N.A.

WHEREFORE, Plaintiff NICOLE M. GIANNINI respectfully requests that this

Honorable Court:

> a. declare that Defendant's form collection letter violated Section 1692e(10) of the FDCPA;
>
> b. award class members maximum statutory damages;
>
> c. award class members actual damages if they paid their debts after receiving the subject form collection letter; and
>
> d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VII**
**Individual Claim for Violations of Sections 1692f of the FDCPA**

138. Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though

fully set forth herein.

139. Section 1692f of the FDCPA states that a "debt collector may not use unfair

or unconscionable means to collect or attempt to collect any debt."

140. Defendant's use of the phrase "[w]e are not obligated to renew any offers

provided" violated Section 1692f because the phrase constituted an unfair means to

collect the Subject Debt to the extent that the phrase emphasized and amplified that

the settlement offers were non-renewable and/or time-limited offers, when this was not

the case.

141. Alternatively, Defendant's use of the phrase "[w]e are not obligated to

renew any offers provided" violated Section 1692f because the phrase constituted an

unfair means to collect the Subject Debt to the extent that Defendant intended to renew the offers, but included this phrase to falsely and deceptively suggest that Defendant would not renew the settlement offers.

142.    Defendant's form collection letters violated Section 1692f to the extent that the letters created a false and unfair sense of urgency to Plaintiff.

143.    As set forth above, the Privacy Notice included with the March 16, 2020 collection letter violates Section 1692f of the FDCPA.

144.    For example, the Privacy Notice contained within the March 16, 2020 letter violated Section 1692f because the Privacy Notice by implying that Plaintiff was a current or former customer of one or more of the Resurgent Companies.

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

   a.  declare that Defendant's form collection letter violates Section 1692f of the FDCPA;

   b.  award Plaintiff statutory damages of up to $1,000; and

   c.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VIII – Class Action Claims for Violations of Section 1692f of the FDCPA**

145.    Plaintiff NICOLE M. GIANNINI realleges the above paragraphs as though fully set forth herein.

146.    Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692f because the phrase constituted a an "unfair" means to collect the Subject Debt to the extent that the phrase emphasized and amplified that the settlement offers were non-renewable and/or time-limited offers, when this was not the case.

147.    Alternatively, Defendant's use of the phrase "[w]e are not obligated to renew any offers provided" violated Section 1692f because the phrase constituted the use of an "unfair" means to collect the Subject Debt to the extent that Defendant intended to renew the offers, but included this phrase to falsely and deceptively suggest that Defendant would not renew the settlement offers.

148.    Defendant's form collection letters violated Section 1692f to the extent that the letters created a false and unfair sense of urgency toward Plaintiff and similarly situated consumers.

149.    As set forth above, the Privacy Notice included with the March 16, 2020 collection letter violates Section 1692f of the FDCPA.

150.    For example, the Privacy Notice contained within the March 16, 2020 letter violated Section 1692f because the Privacy Notice by implying that Plaintiff was a current or former customer of one or more of the Resurgent Companies.

151.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter by Defendant similar to the March 16, 2020 and April 20, 2020 letters, where the original creditor was listed as Citibank, N.A.

WHEREFORE, Plaintiff NICOLE M. GIANNINI respectfully requests that this Honorable Court:

a.    declare that Defendant's form collection letter violated Section 1692f of the FDCPA;

b.    award class members maximum statutory damages;

c.    award class members actual damages if they paid their debts after receiving the subject form collection letter; and

d.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

Plaintiff Demands a Jury Trial,

Respectfully submitted, on behalf of
Plaintiff NICOLE M. GIANNINI,

_/s/ James C. Vlahakis_
James Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 - 8181
Email:  jvlahakis@sulaimanlaw.com